**AFFIDAVIT FOR SEIZURE WARRANT**  2:20-MJ-182



FILED
NOV 19 2020
Clerk, U. S. District Court
Eastern District of Tennessee
At Greeneville

Introduction and Background of Affiant

1. I make this affidavit in support of an application for a seizure warrant for approximately $19,130.70, which represents net proceeds from the sale of real property at 1153 Airport Road, Flat Rock, North Carolina, pursuant to a Consent Order [Doc. 240] entered in *United States v. Randall Scott Braddock, et al.*, EDTN Case No. 2:14-CR-107. This affidavit is made in support of an application for a seizure warrant under 21 U.S.C. §§ 881 and 853 and 18 U.S.C. §§ 981 and 982.

2. I, Bradley S. Redmond, am a Deputy United States Marshal, Senior Inspector with the United States Marshals Service (USMS), and, as such, am a Federal Law Enforcement Officer within the meaning of Rule 41(a) of the Federal Rules of Criminal Procedure, that is, a government agent engaged in the enforcement of the criminal laws of the United States. I have been employed as a Deputy U.S. Marshal with the USMS since 2003 for approximately 17 years and I am currently assigned to the United States Attorney's Office as the Asset Forfeiture Inspector. Upon becoming employed with the USMS, I successfully completed the Basic Deputy U.S. Marshal Training Program and the Criminal Investigator Training Program at the Federal Law Enforcement Training Center in Glynco, GA. During my employment, I have been involved in the investigation of wanted fugitives and various other individuals involved in violations of federal and state laws. Additionally, I have participated in the execution of search warrants, surveillance, undercover operations, and the arrest of subjects related to the aforementioned violations. I have also participated in criminal investigations by identifying assets subject to seizure and forfeiture, working with state, federal and local law enforcement agencies and officers

in the sharing of information, interviewing of witnesses, examination of records and other law enforcement functions. Further, I have been involved in the seizure of real and personal property and have coordinated custody pending forfeiture. I have received training in the investigation and recovery of real and personal property which is subject to forfeiture for violation(s) of specific federal laws. Currently I am assigned as the Asset Forfeiture Financial Investigation (AFFI) for the Eastern District of Tennessee. These duties include the identification and seizure of assets procured through illegitimate means by way of a financial institution. On a daily basis, I conduct investigative steps to include analyzing financial records and reviewing records relating to property transfers, ownership and claims of interest. Prior to my employment with the USMS, I was an Army Captain in the 29th Infantry Division assigned as the S-5 officer for Task Force Shield, Stabilization Force 10, Bosnia and Herzegovina responsible for all American and NATO personnel operations involving area refugee camps, orphanages, schools and official interaction with town and canton elected and appointed leadership.

3. This seizure is related to violations of 21 U.S.C. §§ 881 and 853 and 18 U.S.C. §§ 981 and 982. This affidavit is submitted in support of the seizure warrant for $19,130.70 for which the U.S. Attorney's Office has tried to obtain from Henderson County, North Carolina for over three years. This warrant is submitted for the limited purpose of seizing what was lawfully agreed to by RANDALL SCOTT BRADDOCK in his Agreed Preliminary Order of Forfeiture [Doc. 298], entered on July 27, 2015, and ordered by this Court in a Consent Order [Doc. 240, page 4, para. 3], entered June 4, 2015, namely, that after payment of liens senior to the United States, any remaining proceeds from the sale of the real property are to be paid to the United States Marshals Service.

4. From approximately February 2014 to August 2015, the Bureau of Alcohol, Tobacco, and Firearms and other agencies were involved in the investigation of RANDALL SCOTT BRADDOCK and his manufacture, distribution and sale of synthetic substances such as a-PVP (alpha-pyrrolidinopentiophenone), a Schedule I controlled substance analogue as defined in Title 21, United States Code, Section 802(32). Substantial proceeds were amassed by RANDALL SCOTT BRADDOCK during the course of this investigation to include both real and personal property purchased with these illegal proceeds. The information contained in this affidavit is based on my personal knowledge and information provided to me by other law enforcement officers and individuals. The information in this affidavit is provided for the limited purpose of establishing probable cause. The information is not a complete statement of all the facts related to this case as is more fully set out in a previous Application and Affidavit for a Warrant to Seize Property Subject to Forfeiture [Doc. 589] in this criminal case.

## Criminal Case History

5. On January 13, 2015, a five-count Second Superseding Indictment was returned by a federal grand jury charging RANDALL SCOTT BRADDOCK and others with drug trafficking offenses, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(C) and with money laundering offenses, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(a)(2)(A), 1956(h) and 1957(a). The Second Superseding Indictment contained forfeiture allegations, pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 982(a)(1), for the real and personal properties in which RANDALL SCOTT BRADDOCK had an interest, including the real property at 1153 Airport Road, Flat Rock, North Carolina, for which the $19,130.70 represents net sales proceeds.

6. Some time after October 14, 2013, when RANDALL SCOTT BRADDOCK entered into a Deed of Trust with lienholder Jack S. Billingsley, RANDALL SCOTT

BRADDOCK defaulted on the agreement to purchase the real property at 1153 Airport Road, Flat Rock, North Carolina, and the United States agreed not to prevent the lienholder, Jack S. Billingsley and wife, Patti Billingsley, from foreclosing on the property. In lieu of forfeiture of the real property, the United States agreed to accept the remaining net sales proceeds from the sale of the real property, as set out in the Consent Order [Doc. 240], entered June 4, 2015. The net sales proceeds totaled approximately $19,130.70.

7. On July 6, 2015, a Plea Agreement was filed in EDTN Case No. 2:14-CR-107 in which RANDALL SCOTT BRADDOCK agreed to plead guilty to Count One, Count Two, and Count Five. RANDALL SCOTT BRADDOCK also agreed to forfeit his interest in 1153 Airport Rd, Flat Rock, NC, among other properties, in the Agreed Preliminary Order of Forfeiture [Doc. 298].

8. On January 27, 2016, RANDALL SCOTT BRADDOCK was sentenced, and a Judgment [Doc. 509] was entered on February 1, 2016. The Judgment referenced forfeiture of "property as outlined in the Agreed Preliminary Order of Forfeiture, filed with the Court on July 27, 2015."

9. Since the date of sentencing, the U.S. Attorney's Office has attempted to collect the net sales proceeds of $19,130.70 from North Carolina Superior Court. The asset forfeiture paralegal, Donna Qualls, in the Greeneville, Tennessee office related to me that multiple attempts have been made to secure the release of the $19,130.70 held in escrow by North Carolina Superior Court. In a telephone conversation with the Court Clerk to release the funds to the United States, the Clerk refused to recognize the federal Consent Order, and instead required filing a Petition, in accordance with Chapter 45, disbursal of surplus funds, by North Carolina statutes, with service of process on known claimants or lienholders, and setting a hearing in Hendersonville, North

Carolina. In essence, requiring the federal government to initiate and appear in a local state court proceeding despite a federal Consent Order, granting the currency to the United States, having already been entered. The spokesperson for the Clerk's Office at that time related that after the hearing, the court would rule on disbursing the funds.

10. On September 13, 2019, the same asset forfeiture paralegal spoke with Sara Ramirez of the Henderson County Clerk of Superior Court regarding the same $19,130.70 net proceeds on deposit with the Clerk's Office from a foreclosure sale by Jack Billingsley for real property at 1153 Airport Road, Flat Rock, North Carolina. Ms. Ramirez confirmed that a federal Consent Order would not be sufficient to release the funds.

11. On December 20, 2019, a Seizure Warrant, EDTN Case No. 2:19-MJ-338, issued by this Honorable Court, was personally served by the United States Marshals Service on the Henderson County Superior Court Clerk, Hendersonville, North Carolina, to seize $19,130.70 U.S. currency.

12. On December 20, 2019, Stephanie Morris, supervisory asset forfeiture paralegal of the U.S. Attorney's Office in Knoxville, Tennessee, received an email from Joshua Santiago of the Henderson County Clerk of Superior Court, stating he verified that the Clerk's Office had sent the surplus funds to escheats, and that there would be a waiting period while the Secretary of State processed the refund request.

13. The currency was not remitted to the United States Marshals Service, and on October 6, 2020, I contacted the Henderson County Superior Court, left a voicemail, and was contacted by Assistant Court Clerk Joshua Santiago. Mr. Santiago informed me that some of the money was mistakenly sent back to the bidder. I instructed Mr. Santiago that he needed to figure out a way to comply with the Seizure Warrant. I asked Mr. Santiago to check with his supervisor

5

about utilizing the county's bond to resolve this issue and to communicate with me concerning the path forward, and Mr. Santiago agreed to do so. Mr. Santiago indicated the payment should be sent before the end of the week.

14. On October 20, 2020, after having no communication or having received a check, I called Mr. Santiago. Mr. Santiago said that the issue had been sent to their legal department, that payment should be approved, and a check should be sent to the United States Marshals Service within 10 business days.

15. On October 27, 2020, I left a voicemail for Mr. Santiago after no payments had arrived at the United States Marshals Service.

16. On November 6, 2020, I left a message on both the Superior Court Clerk's voicemail and Mr. Santiago's voicemail, requesting they return my call.

17. On November 13, 2020, Heather Harrington of the United States Marshals Service was contacted by J. Tyler Ray in the Henderson County Clerk of Superior Court in North Carolina. He related his office has reached out to their Office of General Counsel to seek advice about paying out the surplus/previously escheated funds and would give her an update.

18. On November 16, 2020, Assistant United States Attorney Gretchen Mohr spoke with Nicole Brinkley, Assistant Counsel for the North Carolina Office of Judicial Counsel. Ms. Brinkley informed Ms. Mohr that at the time the federal Seizure Warrant was served, in December 2019, the County Clerk's Office in Henderson County did not have possession of the funds as they had sent it to the state. Ms. Brinkley informed Ms. Mohr that the Clerk's Office now has the funds and requires a new federal Seizure Warrant to release said funds.

6

## Conclusion

Based on the above, I believe that RANDALL SCOTT BRADDOCK and others known and unknown engaged in a large-scale a-PVP trafficking enterprise over an extended period of time to include 2013 thru September, 2014. During the course of this drug trafficking operation, RANDALL SCOTT BRADDOCK and others reaped substantial profits from the sale of illegal substances. One of RANDALL SCOTT BRADDOCK's purchases during this time period was the above-described real property.

There is probable cause to believe that RANDALL SCOTT BRADDOCK purchased the real property described above with proceeds from the sale of a-PVP and that the subsequent net proceeds from the sale of said real property, is subject to seizure under the provisions of 21 U.S.C. §§ 881 and 853 and 18 U.S.C. §§ 981 and 982 as proceeds of narcotics trafficking in violation of 21 U.S.C. §§ 841 and 846 and proceeds of money laundering in violation of 18 U.S.C. § 1956.

It is further subject to seizure pursuant to Consent Order [Doc. 240], entered June 4, 2015, which provided for the foreclosure on the real property by Jack S. Billingsley and wife, Patti Billingsley, in accordance with all applicable laws in North Carolina; with the payment of the lien of Jack S. Billingsley and wife, Patti Billingsley out of the proceeds from the sale of the real property; with remaining proceeds from the sale to be paid to the United States Marshals Service after payment of liens senior to the United States; and with all parties being responsible for payment of their own expenses, including attorneys' fees.

This Affidavit is submitted in support of a second seizure warrant authorizing a seizure of approximately $19,130.70, which represents net proceeds from the sale of real property at 1153 Airport Road, Flat Rock, North Carolina, and is necessary because of the refusal of the Superior Court

in North Carolina to release the funds pursuant to the Consent Order entered in this case or the previous federal Seizure Warrant issued by this Honorable Court. It is requested that the Seizure Warrant instructs the Henderson County Clerk of the Court to pay upon receipt of the Seizure Warrant.[1]

FURTHER AFFIANT SAITH NOT.

Bradley S. Redmond
Deputy United States Marshal

Sworn to and subscribed
before me this 19th day of
November, 2020.

CYNTHIA R. WYRICK
United States Magistrate Judge

---

[1] The previous seizure warrant requested payment within 14 days of receipt. It has now been 332 days since that warrant was served and no funds have been received.